MEMORANDUM**
Appellants Audre Recognition Systems, Inc., et al. appeal the district court’s order affirming the bankruptcy court’s denial of Audre’s objection to Donald Lundell’s administrative expense claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court’s ruling.
Because the parties are familiar with the facts, we will not recount them in detail except as necessary.
For purposes of an administrative claim, “[t]he claimant must show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.” Microsoft Corp. v. DAK Indus. (In re DAK Indus.), 66 F.3d 1091, 1094 (9th Cir.1995). Once the claimant has made a showing, the bankruptcy court has broad discretion to determine whether to grant such claims. Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.), 853 F.2d 700, 707 (9th Cir.1988).
The bankruptcy court did not abuse its discretion in treating Lundell’s claim as an *927 administrative expense, nor did it abuse its discretion in not holding an additional evidentiary hearing to determine the value of Lundell’s services to the estate. Lundell provided inherent benefit to the company by running the day-to-day operations; in addition, he supplied extensive evidence of his efforts and accomplishments during his tenure as CEO. Appellants never disputed Lundell’s declarations, nor did they offer any evidence to the contrary. See Romley v. Sun Nat’l Bank (In re Two “S” Corp.), 875 F.2d 240, 242-43 (9th Cir.1989) (holding that when all the facts that should have been considered were before the bankruptcy court and not in dispute, an evidentiary hearing would serve no purpose).
Appellants’ second argument, that the bankruptcy court erred by not holding an evidentiary hearing to determine whether Lundell was a “professional person” under § 327 of the Bankruptcy Code, is raised for the first time on appeal to this court. Appellants raised various legal objections to Lundell’s claim, but never requested a hearing on whether Lundell was a “professional person.” As a result, appellants have waived their right to raise this issue. See Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir.1994).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.